(Decided 11th March, 1869.)

---

.SAMUEL W. WARD *vs.* THOMAS LEITCH, Executor of WILLIAM F. LEITCH.

*Memoranda to assist the recollection of a Witness— Book entries as Evidence — Evidence—Code, Art. 37, sec. 43 — Act of 1864, ch. 109 — When an objection to the Competency of a Witness, may be made.*

In an action for goods sold and delivered, and money lent, it is not competent for the plaintiff to place in the hands of a witness, the account upon which the action was brought, for the purpose of refreshing his recollection as to the particular items and dates therein, the account being merely a copy which the witness saw made from the original entries in the store book of the plaintiff.

Ward *vs.* Leitch, Ex'r.

Entries in the ledger and day-book of the plaintiff, in the hand writing of the party sought to be charged, may be offered in evidence as declarations or admissions made by him, against his own interest.

The plaintiff offered in evidence entries made in his ledger of charges against the defendant's testator, and claimed that the same were admissible, because he had regularly, year by year, within twelve months from the date of such charges respectively, in pursuance of the 43d section of Article 37, of the Code of Public General Laws, made oath to the sale and delivery of the goods, &c. charged in said ledger, the affidavit being written in the ledger at the end of each year's charges. He did not, however, make the additional oath required by the same section, whenever a suit is brought. HELD:

That this defect was not cured by the Act of 1864, ch. 109, and the evidence offered was properly excluded.

An objection to the competency of a witness, made after he has been sworn, but before his examination in chief, is in time.

APPEAL from the Circuit Court for Anne Arundel County.

This was an action of *assumpsit* brought by the appellant to recover from the appellee, as executor of Wm. F. Leitch, for goods bargained and sold, and money lent to the deceased, and for money found to be due upon an account stated in the life time of the deceased. The defendant pleaded that the deceased never was indebted and never promised as alleged, payment, limitations and set-off. The plaintiff replied as to the set-off, that he never promised and never was indebted as alleged, and limitations, and issue was joined upon the pleas and replications.

The following exceptions were taken by the plaintiff to the rulings of the Court below :

*First Exception.*—The question raised by this exception was, whether it was competent for the plaintiff to place in the hands of the witness, J. P. Dowell, the account on which the suit was brought, for the purpose of refreshing his recollection as to the particular items charged in said account and the dates thereof, having first proved by the witness that said account was copied from the books of the plaintiff, by a Mr. Howard, and that he, the witness, was present when said

copy was made, and saw the same made from said books. The defendant objected to allowing said paper to be placed in the hands of the witness for such purpose, and the Court (MAGRUDER, J.,) sustained the objection. The plaintiff excepted.

*Second Exception.*—The plaintiff then, having proved by said witness that the entries of an account in the plaintiff's ledger were all in the hand-writing of Wm. F. Leitch, and made by him the same year he died, offered to read those entries in evidence to the jury, but the defendant, on cross-examination of said witness, having proved that said Leitch never was a clerk or salesman of the plaintiff, but frequently made entries in the books of the plaintiff at his request, and posted them up; that he would go to the plaintiff's store sometimes once a week, and sometimes once a fortnight to do such work for the plaintiff, and that said entries in said ledger were made by the said Leitch whilst so working and writing for the plaintiff, and that the same were posted in said ledger from *other books of the Plaintiff, or original entries;* thereupon objected to the reading of such entries from said ledger to the jury, and the Court sustained the objection. The plaintiff excepted.

*Third Exception.*—The plaintiff then placed in the hands of said witness two books of the plaintiff, marked "Day-Books," and having proved that the entries of charges and credits therein were in the hand writing of Wm. F. Leitch, offered to read said entries in evidence to the jury as proving the plaintiff's account, but the defendant having proved by said witness that the entries in said day-books were made by said Leitch, from time to time, as once a week or once a fortnight, he would go to the plaintiff's store to write for him and keep and post his books, and that at such times the entries of charges in said day-books were made, *copied* or *transcribed* by said Leitch from other books or memoranda of *original entries*, objected to the admissibility of said entries, or any of them; this objection the Court sustained, and re-

fused to allow said entries, as well those in said day-books as in said ledger, to go to the jury.   The plaintiff excepted.

*Fourth Exception.*—The plaintiff then offered to read in evidence the entries made in his ledger of charges against said Leitch, and claimed that such entries were admissible as evidence, because the *plaintiff* had regularly, year by year, within twelve months respectively from the date of such entries, made an oath before a justice of the peace, as prescribed by section 43, of Article 37, of the Code of Public General Laws, which oath was written in said ledger at the end of each year's charges, but that such oath was not made by any other person than the plaintiff.   The defendant objected to the reading of such entries to the jury, upon the ground that said oath had been taken and made *by the plaintiff himself, the creditor, and not by his clerk, store keeper, or other disinterested person ;* this objection the Court sustained, and the plaintiff excepted.

*Fifth Exception.*—The plaintiff was called to the stand by his counsel as a witness, and sworn in chief without objection on the part of the defendant's counsel, who saw him thus called and sworn, and remarked when he was sworn, that he was the plaintiff.   When the witness was about to give his testimony, the defendant for the first time objected to his being allowed to testify, upon the ground that he was a party to the suit.   The Court sustained the objection, and refused to allow the witness to testify ; to this ruling the plaintiff excepted.

The verdict and judgment being for the defendant, the plaintiff appealed.

The cause were argued before BARTOL, C. J., STEWART, BRENT and ROBINSON, J.

*A. B. Hagner,* for the appellant :

The plaintiff had the right to begin his proof in any mode he should see fit, and he had proved, without objection, the

sale of certain articles to the intestate, but the witness had stated his inability then to specify the dates or the particular articles. The memorandum was virtually the probate on the account made by the witness. It was clearly competent for him to examine the paper for the purpose of refreshing his memory as to the articles and dates of their purchase. 1 *Greenleaf on Ev.*, sec. 436, *and seq.; Martin vs. Good,* 14 *Md.,* 398; *McCoul vs. Lekamp,* 2 *Wheaton,* 116.

It was not necessary that the memorandum should have been made by the witness himself. *Green vs. Caulk,* 16 *Md.,* 556.

That the testator "was never a clerk or salesman of the plaintiff," did not affect the question if he *acted* as clerk, except that the entries might not be so conclusive against a *regularly employed* clerk, who was bound to do his employer's bidding at the risk of losing his place. The intestate deliberately registered these charges against himself in the plaintiff's books, and his representative is estopped to deny their effect against him. *Reynolds vs. Manning,* 15 *Md.,* 510; *Quynn vs. Carroll,* 10 *Md.,* 197; *Richards vs. Swan,* 7 *Gill,* 375; 1 *Greenleaf Ev.,* secs. 22 *and seq.,* 207 *and seq.,* 115, 120; *Darlington vs. Taylor,* 3 *Grant,* 195; *Pendexter vs. Carleton,* 16 *N. H.,* 491.

If the testator, Leitch, were alive, he would have been a competent witness to prove the entries, and after his death the evidence proposed was admissible. *Bank vs. Plannett,* 1 *Ala.,* 178; *Atwell vs. Miller,* 6 *Md.,* 10; *Lee vs. Tinges,* 7 *Md.,* 215; *Carroll vs. Ridgeway,* 8 *Md.,* 328; *Clarke vs. Magruder,* 2 *H. & J.,* 77; *Price vs. The Earl of Torrington,* 1 *Smith's Lead. Cases,* 139; *Nicholls vs. Webb,* 8 *Wheaton,* 334.

The question whether the entries in the day-books were *original* entries, is of no importance in the view of the case taken by the appellant. The entries were evidence against the testator's estate, because they were made by him against his own interest, when he had no motive to misrepresent the facts in favor of the plaintiff. The entries under the cir-

cumstances, are to be regarded as *admissions* which bind his estate.

The rule is well settled, that the objection to the competency of a witness must be taken *as soon as the disqualification appears.*  *Groshon, &c. vs. Thomas,* 20 *Md.,* 242; *Dewdney, vs. Palmer,* 4 *M. & W.,* 664; 7 *Dowling's Prac. Cases,* 177.

*Frank. H. Stockett,* for the appellee:

On the first exception the following authorities were referred to: *Powell on the Law of Evidence,* 311; *Green vs. Caulk,* 16 *Md.,* 574, 575.

Neither the ledger nor the day-book was a book of original entries, but copied or transcribed from other books or memoranda of original entries made at the dates of such entries, and by the plaintiff or some third party.  The fact that they were copied by the defendant's testator, or were in his handwriting, did not make them the less *copies,* and as such they were inadmissible.  They were not the best evidence in the nature of the case, and were nothing more than evidence of the declarations, acts or statements of other parties, and only hearsay. 1 *Greenleaf on Ev.,* secs. 98, 99; *Green vs. Caulk,* 16 *Md.,* 576

It is not pretended that the original charges were made by the defendant's testator.  They were nothing more than the declarations of the plaintiff, which are never admissible in evidence.  *Hagan vs. Hendry,* 18 *Md.,* 177.  They were not the books of original entries; and the witness did not sell or deliver the articles so charged, or know of his own knowledge of their sale and delivery.  *Owings & Piet vs. Low,* 5 *G. & J.,* 134; *Lee & Brewster, Garnishee of Wolf vs. Tinges,* 7 *Md.,* 215.  Leitch, the testator, was not the clerk or salesman of the plaintiff, but only acted as his occasional *book keeper* to post up his books from entries, memoranda, or charges of sales, &c., made by other persons at different times.

The oath, which it was claimed made the ledger admissible in evidence to prove the sale, delivery, and prices of the articles charged therein, was not in accordance with the pro-

visions of the 43d section of 37th Art. of the Code, because it was made by the *plaintiff alone,* and was not the oath " of any clerk, storekeeper, or disinterested credible witness," as required by said law.

Besides, the same law requires that " if any *suit* should be brought to recover any money paid or delivered, or the price of any goods, wares or effects, or chattels sold or delivered, " (as was this case,) " the plaintiff shall, at or before the first imparlance Court," make the additional oath required by that section; nothing of the kind was done or claimed to have been done in this case. Without this supplemental oath, the former oath could have no effect in making the entries in the ledger available as evidence, nor was this omission supplied by the affidavit of the plaintiff attached to the account on which this suit was brought.

The affidavit to be available must be made in accordance with the directions of the law. *Evans vs. Bonner,* 2 *H. & McH.,* 377; *Smoots' Exs. vs. Bunbury's Exs.,* 1 *H. & J.,* 136; *Dyson vs. West,* 1 *H. & J.,* 567.

The ruling of the Judge below, to correct which the fifth exception was taken, should be sustained. The witness objected to was the plaintiff in the cause, and produced *on his own offer* to prove his own case. His interest in the result of the case was palpable, and he was incompetent under the 2d section of the Act of 1864, ch. 109, as Leitch, the other original party to the cause of action was dead.

The permitting the witness to be sworn in chief, before objection to his competency to testify, was made, was not a waiver of the defendant's right to object; and the objection, though not made until after the witness was sworn, was in time. No case can be found in Maryland, and no practice ever obtained the sanction of our Courts, that a party waived his objection to the competency of a witness, because he suffered him, without objection, to be *sworn in chief,* however palpable his incompetency was, if the objection was taken before the witness was examined at all. In fact, it is the

proper time to object, for in this case the witness could not have been sworn on his *voire dire*, as there was nothing to be disclosed by that proceeding not already known to the objector; and until he was sworn, it would not have been proper as a matter of practice, according to technical rules, if competent, for the defendant to make his objection. 1 *Greenleaf on Ev.*, sec. 421.

ROBINSON, J., delivered the opinion of the Court.

The paper offered in evidence to refresh the recollection of the witness, possessed none of the elements recognized as essential to constitute a memorandum for that purpose. It was a mere copy taken from the original entries in the store book of the plaintiff; and it does not appear by whom, or at what time the entries were made, or that the witness ever saw and recognized them to be correct. If in *Green vs. Caulk*, 16 *Md.*, 556, it was held that "a copy made by a witness from his own original memoranda," was inadmissible; upon what principle is it proposed to offer a copy made from the memoranda of a stranger?

The second and third exceptions present substantially the same question. The plaintiff offered in evidence his original ledger book, containing the entries in the *handwriting of the defendant's testator*, and afterwards his day-books, containing daily entries against deceased and other parties, but all in the *handwriting* of the *testator*. Now although these entries would not have been admissible for the purpose of charging a third person, because not made by a clerk in the ordinary discharge of his duty, and contemporaneous with the transactions to which they relate, yet they were admissible as declarations or admissions made by the party against his interest. The fact that he was not a clerk in the store, but employed merely to post the books of the plaintiff, cannot exempt such evidence from the operation of the general rule, which permits the declarations of a party against his interest to be offered in evidence. The relation which he occupied to the plaintiff,

did not compel him, nor furnish any reason why he should make false entries of debits and credits against himself.

The Court was right in excluding the affidavit of the plaintiff made in pursuance of the 43d section of Art. 37, of the Code. If it be conceded that the word store keeper as used in that section, embraced the plaintiff, a question which it is unnecessary in this case to decide, it does not appear that the additional affidavit was made which the same section requires, whenever a suit is brought. Nor is this defect cured by the Act of 1864, ch. 109, which, whilst it makes the parties to a suit competent as witnesses, does not embrace within its provisions *ex parte* affidavits such as are authorized by the 43d section of Art. 37, of the Code.

We also concur with the ruling of the Court as presented in the fifth exception. The objection to the competency of the witness, was made before his examination in chief, and was therefore in time.

Being of opinion that the Court erred in excluding the evidence offered in the second and third bills of exception, the judgment must be reversed and a *procedendo* awarded.

*Judgment reversed and procedendo awarded.*

(Decided 11th March, 1869.)