(Decided 9th March, 1876.)

## John S. Bullock *vs.* James Hunter, Jr.

*Refreshing the memory of a Witness—Evidence of a Partner-
ship—Admissibility of Book entries as Evidence—Prayer
too general—Matters proper for the determination of the
Jury.*

H. sued the firm of D. B. & Q., (of whom, B. only was served with process,)
for the balance of an account for certain cooper stuff sold to the firm, at
stipulated prices, and shipped to them by the C. & O. R. R. Co.   At the trial
H. testifying in his own behalf, stated that he had consigned to D. B. & Q.
from his depot in Virginia, certain cooper stuff of specified kinds, and stated
the prices of each kind, and what was about the sum total of the shipments,
and the period within which they were made, and what proportion thereof
had been paid.   An account which had been filed with the declaration, and
containing a particular statement of the several consignments, with the dates
and prices, was then offered to the witness, who stated that he had examined
the books of the C. & O. R. R. Co., and made the account out himself from
*memoranda* in his own possession, which he did not have with him; that he

had a distinct and independent recollection of the items charged in the account, though without the aid of the account he could not enumerate them. On objection, it was HELD :

That the account might be used by the witness for the purpose of refreshing his memory as to amounts and dates, and that he might give in evidence to the jury his recollection thus refreshed.

The same witness then testified that he had made the shipments, to D. B. & Q. which were set forth in the account, and the witness testifying to these shipments, refreshed his memory from time to time by looking at the account. He then swore positively that he had a distinct recollection of each shipment independent of the account, and that the shipments so testified to were his own recollections. The witness further stated that the account was an original account made out by himself from memoranda taken by himself at the time, but not extended, and was not a copy from any book. On objection to the placing the account in the hands of the witness, and his refreshing his memory from it from time to time, it was HELD :

1st. That whether the account was a copy or an original entry of the transactions in the case, was immaterial, inasmuch as the witness had a distinct recollection of the several transactions independently of the paper, and was able to testify from his own recollection after looking at the account, which was used merely for the purpose of refreshing his memory.

2nd. That there was no error in permitting the witness to refresh his memory from time to time by looking at the account while giving his testimony.

3rd That it was not material in what manner the witness' memory was refreshed, provided he could swear positively as to the transaction independently of the account, after his memory had been refreshed by looking at the paper.

The witness H. was asked who composed the firm of D. B. & Q., and answered, "the firm was composed of D. B. & Q., and Mr. B. was a member of the firm," without mentioning their Christian names. HELD :

That in the absence of any evidence that there were other persons of that name, the jury would have been authorized to infer from this testimony, that the persons against whom this suit was brought, were the same persons referred to by the witness.

One of the witnesses having testified that the entries in a book used by him to refresh his memory, were made by himself at the time, or by his brother, and generally in his presence and at his dictation and request, it was HELD :

That the entries made by the witness himself, and by his brother at his dictation, and in his presence, were evidence to go to the jury, the witness having

sworn that he had personal knowledge of the transactions so entered, but the entries made by his brother from his own memoranda were not evidence.

A prayer which asks the Court to say "that the evidence in this case is not legally sufficient to entitle the plaintiff to recover," is too general, and would properly be refused for that reason.

The witness H. when cross-examined with reference to several of the items in the account, not having the account before him to refer to, his memory did not enable him to testify to them accurately. HELD:

That a prayer asking that for this reason all the testimony given by him in relation to the account should be excluded from the consideration of the jury, was properly refused, his evidence and the reliance to be placed upon it, being matters to be determined by the jury.

APPEAL from the Superior Court of Baltimore City.

*First and Second Exceptions* stated in the opinion of the Court.

*Third Exception.*—At the trial of the cause below the plaintiff offered the following prayer:

If the jury shall find from the evidence that Isaac M. Denson, John S. Bullock and John D. Quincy were trading together as partners between the first of June, 1871, and the last of August, 1872, and that during this time, said partners purchased goods from the plaintiff, and that part of said goods are still not paid for, then the plaintiff is entitled to recover against the defendant in this action, such sum as the jury shall find to be due from said partners to the plaintiff on account of said purchases.

And the defendant Bullock offered the seven following prayers:

1. There is no evidence in this cause, of the co-partnership of the defendants, and the plaintiff is not entitled to recover.

2. That there is no sufficient evidence of the delivery of the articles charged in the account filed in this case, and the plaintiff cannot, therefore, recover.

3. That the testimony of Woolfork having been read by him from a memorandum book, not made by himself, be, and the same is excluded from the consideration of the jury.

4. That the evidence in this case is not legally sufficient to entitle the plaintiff to recover.

5. That the witness, James Hunter, Jr., showing by his examination that he has no independent and distinct recollection of the charges in the account filed with the declaration in this case, all the testimony offered by him in relation to said account, be, and the same is hereby excluded from the consideration of the jury.

6. That in order to find for the plaintiff in this case, the jury must find from the evidence, that the goods charged in the account filed with the *narr*. in the case, were sold by said plaintiff to the defendant, at the price charged in said account, and at the dates therein named, and were delivered to the defendants in Baltimore City or at any other place by their order, and if they do not find all of these facts from the evidence, then their verdict must be for the defendant.

7. That the account filed with the bill of particulars, is not evidence, and the jury shall not consider the same, in making up their verdict, if they shall find.

The Court (DOBBIN, J.,) granted the prayer of the plaintiff, and refused the first, second, fourth, fifth and sixth prayers of the defendant; the fourth prayer was refused because there was evidence to go to the jury, of the sale and delivery and the price; the fifth prayer was refused, because the evidence of the witness Hunter, and the reliance to be placed upon it, were matters for the jury. The Court also refused the third prayer as offered, but granted it with the following additional instruction of its own: "that the entries made by Woolfork himself, and his brother at his dictation and in his presence, are evidence to go to the jury, the witness having sworn that he

had personal knowledge of the transaction so entered. But the entries made by his brother from his own memoranda are not evidence."

The Court likewise refused to grant the defendant's seventh prayer as offered, but granted it with the following qualification which it added : "except in so far as they may find the same has been proved by the testimony in the cause."

The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*Samuel Snowden*, for the appellant.

The account placed in the hands of the witness, and made out by him from *memoranda* in his possession was clearly inadmissible to refresh his memory. It was not made at the time of the alleged sale of the goods, nor was the copy seen by him at that time. The question is settled by the cases of *Green vs. Caulk*, 16 *Md.*, 556, (573; 574;) *Ward vs. Leitch*, 30 *Md.*, 326 ; *Jones vs. Stroud*, 12 *E. C. L.*, 86. Under these authorities the Court below erred in allowing the witness to refresh his memory with the account, as it was only a copy made by him *from original memoranda*. If his recollection had been distinct as to the items, he might have testified without refreshing his recollection. This *memoranda* was even made by him from accounts furnished to him by his foreman, which would make the copy used by him to refresh his memory, a third remove from the original memoranda. The fact that he testified that it was an original account did not make it so, because his testimony clearly shows it was a copy. The objections of the defendant in the first and second bills of exception should have been sustained.

There was no proof of the names of the parties who composed the firm of Denson, Bullock & Quincy, and the first prayer of the defendant should have been granted. The suit was brought upon a joint contract against the defendants as co-partners, and the burden was upon the plaintiff to prove the names of the co-partners. 2 *Greenleaf's Ev.*, *sec.* 483.

The only proof offered to prove this fact was by the witness Hunter, who said the firm of Denson, Bullock & Quincy, was composed of Denson, Bullock & Quincy, and that Mr. Bullock was a member of the firm. The names in full of the partners were not given, and therefore this evidence did not sustain the burden resting upon the plaintiff; and having thus failed to prove a fact necessary to make out his case, the prayer should have been granted.

The entries made by Woolfork, in a memorandum book were not in *themselves* evidence of the charges which he then made, whether the same was entered by himself or by his brother, and although he might be allowed to refresh his memory with them. 2 *Taylor Ev.*, 1220, *sec.* 1268; 66 *E. C. L.*, 291, 293, 298 *and* 304; *Payne vs. Ibbitson*, 27 *L. J. Eq.*, 341.

In order to entitle the plaintiff to recover for the goods and materials sued for, it was necessary that the plaintiff should prove that the goods were sold at the times and for the prices charged, and that they were delivered to the defendants, which was all that was asked by the sixth prayer of the defendant. *Bundy vs. Ayre*, 18 *Vt.*, 497; 3 *Phill. Ev.*, (*2nd Ed.*,) *t. p.* 339.

*John Thomson Mason* and *John T. Mason, R.*, for the appellee.

The account filed with the declaration was placed in the hands of the witness, Hunter, who testified that it "was an original account made by himself from memoranda taken by himself at the time and not extended, and was

not a copy of any book," and on cross-examination he
further said that the account was made out "when the mat-
ters were comparatively fresh in his memory, partly from
memory and partly from his blotter," &c., and then swore
positively that he had a distinct and independent recollec-
tion of the items of the account. It may, therefore, fairly
be contended that this account was in the nature of an
original document, and therefore clearly admissible under
the ruling in the case of *Burton vs. Plummer*, 2 *Ad. &
Ell.*, 342 ; 1 *Greenleaf's Ev.*, secs. 436, 437 ; 2 *Taylor on
Ev.*, sec. 1265 ; 1 *Phill. Ev.*, 289, (7th *Ed.;*) 2 *Phill. Ev.*,
note to page 290 ; *Henry vs. Lee*, 2 *Chitty's Rep.*, 124 ;
*Feeter vs. Heath*, 11 *Wend.*, 485 ; *Hill vs. State*, 17 *Wis-
consin*, 679 ; *State vs. Cheek*, 13 *Iredell*, 119 ; *Robertson vs.
Lynch*, 18 *Johns.*, 452-3-7 ; *Harrison vs. Middleton*, 11
*Grat.*, 554 ; *Doe vs. Perkins*, 3 *Term. R.*, 753.

The point under discussion seems never to have been
raised in Maryland, although there are numerous cases on
the use of memoranda. *Martin vs. Good*, 14 *Md.*, 408 ;
*Spring Garden M. Ins. Co. vs. Evans*, 15 *Md.*, 61 ; *Green
vs. Caulk*, 16 *Md.*, 572 ; *Ward vs. Leitch*, 30 *Md.*, 333 ;
*Waters vs. Waters*, 35 *Md.*, 531.

*Green vs. Caulk*, is perhaps the leading case in Mary-
land on this branch of the law, but upon examination it
is quite evident that the point under discussion was not
decided in that case. In the first exception, a witness was
asked to testify " as to the correctness of charges in a bill
not made out by himself, and as to the time of the making
out of which there is no evidence, and in regard to all the
items of which he has not a recollection," nor was there
." anything in the evidence going to show that he ever saw
it before the trial."

The appellant's first prayer which asked the Court to
instruct the jury that there was no evidence of the part-
nership was properly rejected. Because the partnership
might have been inferred by the jury from the holding out

and dealings of the defendants, their acceptance and payment of the plaintiff's drafts, &c., &c., &c.

As to third persons very slight evidence of a partnership is sufficient—any holding out to the world will do. And this is always a question for the jury, and a prayer which ignores a partnership, where there is any evidence, is vicious. 1 *Parsons on Contracts,* 158 ; *Thomas vs. Green,* 30 *Md.,* 1 ; *Fulton vs. McCrackan,* 18 *Md.,* 528.

The objection made in the Court below was that the witness, Hunter, in testifying as to who composed the firm, did not mention the first names of the partners. There were no others of the same name mentioned in the evidence, and there could not therefore have been a shadow of doubt as to who were meant.

The fourth prayer that the evidence was not sufficient to entitle the plaintiff to recover was clearly vicious. *Blair vs. Blair,* 39 *Md.,* 556 ; *Masey vs. Suter,* 22 *Md.,* 85 ; *Hatton vs. McClish,* 6 *Md.,* 417 ; *Penn vs. Flack,* 3 *G. & J.,* 369 ; *Purner vs. Piercy,* 40 *Md.,* 216, 221. Moreover there was evidence *circumstantial* and *direct,* and *uncontradicted* of the sale, delivery and price of the goods. It is only when the jury is left to "wild and irrational conjecture and licentious speculation" that the Court is justified in taking a question of fact from them. *Furgusson vs. Tucker,* 2 *H. & G.,* 182.

The seventh prayer of the defendant was properly qualified by the Court. The account filed with the *narr.* was not evidence, "except in so far as they may find the same has been proved by the testimony in the case."

The account might have been read to the jury after it had been established by proper proof. *Ingalls vs. Crouch,* 35 *Md.,* 296.

BARTOL, C. J., delivered the opinion of the Court.

The appellee residing in Hanover County, Virginia, was the proprietor of a saw mill at a station on the Chesapeake

and Ohio Railroad and engaged in the manufacture of staves, heads, &c., for making barrels and kegs.

Through the intervention of Richard W. Magruder he contracted to sell to the firm of Denson, Bullock and Quincy, of Baltimore, all the material of that description manufactured at his mill, at stipulated prices, he had the privilege of drawing on Denson, Bullock & Quincy for two-thirds of the amount of each consignment. Under the contract he forwarded goods from June 1871 to August 1872, and drew regularly for about two-thirds of the amount of the several consignments, the drafts were accepted and paid at maturity, but failing to obtain a settlement of the balances due him he brought this suit to recover them.

The appellant being the only one of the defendants summoned, the other two being returned "*non sunt,*" the suit proceeded against him.

No testimony was offered by the defendant below; his defence rested upon the alleged failure, and insufficiency of the proof offered by the plaintiff to support his claim. Three bills of exception were taken by him, *two* of them to the admission of evidence and the *third* to the ruling of the Superior Court upon the prayers. These will be disposed of in their order. The *first* and *second* exceptions present substantially the same question. The witness Hunter (the plaintiff) testifying in his own behalf, stated that he had consigned to Denson, Bullock & Quincy from his depot in Virginia certain cooper stuff consisting of *keg materials* and *headings,* and also shipped them, *keg-heads* and *staves,* and *barrel-staves* and *heads,* and stated the prices of each,—that these shipments began in June 1871, and ended in June 1872—and the whole amount of shipments was between $7000, and $8000,—that he had drawn on the several consignments to the extent of two-thirds of their value.

The account which had been filed with the declaration, containing a particular statement of the several consign-

ments with the dates and prices, was then offered to the witness, who stated that he had examined the books of the C. & O. R. R. Co. and made it out himself from *memoranda* in his own possession, which he did not have with him ; that he had a distinct and independent recollection of the items charged in the account, though without the aid of the account he could not enumerate them ; objection was made by the defendant's counsel, " but the Court overruled the objection and permitted the same to be used by the witness for the purpose of refreshing his memory as to amount and dates, and to give in evidence to the jury, his recollection thus refreshed," and the defendant excepted.

It appears by the *second* bill of exceptions, that after the ruling by the Court above stated, the same witness testified that he had made the shipments to D. B. & Q., which are set forth in the account, the witness testifying to these shipments, refreshed his memory from time to time by looking at the account, he then swore positively that he had a distinct recollection of each shipment, independent of the account, and that the shipments so testified to were his own recollections, the witness further stated that the account was an original account made out by himself, from memoranda taken by himself at the time, but not extended, and was not a copy from any book. The defendant objected to the placing of the account in the hands of the witness, and his refreshing his memory from it, from time to time ; but this objection was overruled and the defendant excepted.

We have no doubt of the correctness of this ruling.

The objection on the part of the appellant is that the account is not an original paper made by the witness at or about the time of the transaction, but a mere copy, taken from *memoranda* which had been made by him, and was therefore inadmissible and for this he cites, *Green vs. Caulk,* 16 *Md.,* 556 ; *Ward, vs. Leitch* 30 *Md.,* 326, and *Jones vs. Stroud,* 2 *C. & P.,* 196, (12 *E. C. L.,* 86.)

Conceding that the account is to be considered as only a copy, and not an original entry of the transactions, the case is clearly distinguishable from those cited, by the fact that the witness had a distinct recollection of the several transactions independently of the paper, and was able to testify from his own recollection, after looking at the account which was used merely for the purpose of refreshing his memory.

In *Tanner vs. Taylor,* (*Mss.,*) cited by Justice BULLER in *Doe vs. Perkins,* 3 *T. R.,* 753, "a witness who proved the delivery of goods, took it from an account which he had in his hand, being a copy, he said, of his day-book which he had left at home.   It was objected that the original ought to be produced.   Mr. Baron LEGGE said if he would swear positively from recollection, and the paper was only to refresh his memory, he might make use of it."

We refer also to *Henry vs. Lee,* 2 *Chitty's R.,* 124 ; *Feeter vs. Heath,* 11 *Wend.,* 485 ; *Harrison vs. Middleton,* 11 *Grat.,* 554 ; and 1 *Gr. Ev.,* sec. 436, and 2 *Taylor's Ev.,* sec. 1295.

The objection made in the second exception to the manner of using the account, in that the " witness refreshed his memory from time to time by looking at it " while giving his testimony, seems to us to have no force.   It is not material in what manner the witness' memory is refreshed provided he can swear positively as to the transaction independently of the account after his memory has been refreshed by looking at the paper.   In a long account like the one in this case, containing a great many items and dates, it would be impossible for a witness to keep them all in his memory distinctly, although he might have a perfectly distinct recollection of each, after looking at the paper, and having his mind refreshed.

We proceed to an examination of the prayers, and shall first notice those of the appellant.

1st. There was no error in refusing the first prayer, which asked the Court to instruct the jury that there was no evidence of the partnership of *Denson, Bullock and Quincy.*

When the witness Hunter was asked who composed the firm of *Denson, Bullock & Quincy,* he answered "the firm was composed of three members, *Denson, Bullock & Quincy,* and that Mr. Bullock was a member of the firm," without mentioning their Christian names, which the appellant contends is not sufficient.

In the absence of any evidence that there were other persons of that name, the jury would have been authorized to infer from this testimony, that the persons against whom the suit was brought, were the same persons referred to by the witness. There was other evidence to prove the partnership, to be found in the testimony both of Hunter and Woolfork, showing the dealings and transactions by the defendants, from which the jury might infer the existence of the partnership.

2nd. The second prayer, rests upon a supposed failure of evidence of the delivery of the articles charged. After what has been said in disposing of the first and second exceptions, showing the admissibility of the testimony of Hunter, by which the sale and delivery of the goods were fully proved we need not say anything more of this prayer than that it was properly refused. The testimony of Woolfork was clear and positive to the same effect. This testimony the Court was by the defendant's third prayer asked to exclude, for the alleged reason "that it was read by him from a memorandum book not made by himself."

This witness who was the clerk of Magruder testified "that he was present when the goods arrived, and counted the packages himself," that the entries in the book used by him to refresh his memory were made by himself at the time or by his brother "generally in his presence and at his dictation and request."

The Superior Court refused the *third* prayer as offered, "but were of opinion and so instructed the jury that the entries made by Woolfork himself and his brother at his dictation and in his presence, are evidence to go to the jury, the witness having sworn that he had personal knowledge of the transaction so entered, but the entries made by his brother from his own memoranda are not evidence." No valid objection can be made by the appellant to this instruction.

4th. The fourth prayer is disposed of by what has before been said. It asks the Court to say that the evidence in the case is not legally sufficient to entitle the plaintiff to recover ; and we may add further that the prayer was too general, and would properly have been refused for that reason even if there was no other objection to it. But there was evidence to go to the jury of the sale and delivery, and of the price of the articles.

5th. The fifth prayer is based upon the cross-examination of the witness Hunter, by which it appeared that when interrogated with reference to several of the items in the account, not having the account before him to refer to, his memory did not enable him to testify to them accurately, and for this reason the prayer asked that all the testimony given by him in relation to the account, should be excluded from the consideration of the jury. This prayer was refused, and we think properly, the Court stating that his evidence and the reliance to be placed upon it were matters to be determined by the jury.

6th. The sixth prayer has been abandoned.

7th. The seventh prayer was granted, with an addition thereto by the Court, in which we find no error. It appears from the record that statement of the account was given to the jury by the consent of counsel.

The prayer of the plaintiff below which was granted is entirely free from objection. It states a plain proposition, to which no objection has been urged by the appellant in this Court.

Md. Mut. Ben't So'ty of Red Men *vs.* Clendinen, Adm'r, c. t. a.

Finding no error in the rulings below, we affirm the judgment.

*Judgment affirmed.*

(Decided 10th March, 1876.)