| 90 | 5 |
|----|----|
| 96 | 406 |

</div>

# Memphis & Charleston Railroad Co. v. Askew.

*Action for Damages by Brakeman, for Personal Injuries.*

1. *License of railroad engineers; want of license as evidence of negligence.*—By statutory provision, railroad engineers are required to be licensed, only when they "operate or drive an engine upon the main line or road-bed of any railroad in this State" (Sess. Acts, 1886-7, p. 100); and when the action is brought to recover damages for personal injuries sustained by the alleged negligence of an engineer in charge of an engine employed only in the railroad yard, and while so employed, the fact that he had no license can not be looked to as tending to show negligence on the part of the railroad company.

2. *Statutory liability of employer for injuries to employee, caused by defects in machinery:*—Under statutory provisions (Code, § 2590), the employer is not liable for injuries received by a person in his employment, caused by any "defect in the condition of the ways, works, machinery or plant connected with or used in the business, *unless* such defect arose from" the master's negligence, or had not been discovered or remedied by reason of his negligence, or the negligence of some other person in his employment who was charged with the duty of seeing that the machinery, etc., was in proper condition.

3. *Railroad rules as evidence.*—In an action to recover damages for personal injuries sustained by plaintiff while attempting to couple cars in the discharge of his duties, the defendant's evidence tending to show that he was guilty of contributory negligence in attempting

to make the coupling in an improper and dangerous manner, a rule of the defendant company forbidding that practice is competent and admissible evidence for it, but not the whole body of its printed rules.

4. *Proof of knowledge of rules.*—As tending to show plaintiff's knowledge of a rule of the railroad company forbidding the coupling of cars by hand, and requiring the use of a stick for that purpose, it is competent for the defendant to prove that he had frequently seen other employees use a stick in making couplings, but not that the several employees "frequently referred to the rules" in the discharge of their various duties.

APPEAL from the City Court of Decatur.
Tried before the Hon. WM. H. SIMPSON.

HUMES, WALKER & SHEFFEY, for appellant.

E. W. GODBEY, and WERT & SPEAKE, *contra.*

SOMERVILLE, J.—The action is brought by an employè of the defendant railroad company, to recover damages for an injury alleged to have resulted from the negligence of the defendant's engineer in operating a defective engine, the injury being received while the plaintiff was engaged in coupling a car to the engine.

1. The accident happened in the company's depot-yard, where the locomotive in question was used only as a switch-engine, and where the engineer in charge at the time, one Williams, was employed only in this capacity, and not as an engineer on the main line of the road. The statute requires locomotive engineers to be licensed, only where they "operate or drive an engine upon the *main* line or road-bed of any railroad in this State," and not otherwise.—Acts 1886-87, p. 100, §§ 1-2. Williams, therefore, was not required to have a license for the business of running a switch-engine in the depot-yard. The court, for this reason, if for no other, erred in instructing the jury, that the law did require of him a license, and that they would be authorized to consider the want of it as a fact tending to prove negligence on the part of the defendant company. The evidence, moreover, shows that he did obtain a license about two weeks after the accident occurred, preparatory to operating an engine on the main line of the road. The court erred in giving the general charge bearing on this point, and also in refusing to give the third charge requested by the defendant.

2. Where an action is brought by a servant or employè, for a personal injury received by him in the service of the master or employer, the relationship of the parties as master and servant is no bar to a recovery, among other specified

contingencies, "when the injury is caused by reason of any *defect* in the condition of the ways, works, machinery, or plant connected with, or used in the business of the master or employer."—Code, 1886, § 2590, sub-div. 1. But it is expressly declared, in the same section of the Code, that the master or employer is not liable under the foregoing sub-division, "*unless* the defect therein mentioned arose from, or had not been discovered or remedied owing to the negligence of the master or employer, or of some other person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, works, machinery, or plant, were in proper condition."—Code, § 2590. The second charge given by the court at the request of the plaintiff imposed a liability on the defendant, if the alleged defect in the engine caused the injury, without regard to the limitation that no such liability shall exist unless the alleged defect arose from the master's negligence, or had not been discovered or remedied by reason of such negligence, or by reason of the negligence of some servant charged with the duty of seeing that the engine was in proper repair. This charge was clearly erroneous.

3. The point in the case upon which most stress seems to be laid, is the alleged fact of the plaintiff's contributory negligence. This defense is made out, if the plaintiff, by his want of ordinary care, was guilty of any conduct which substantially contributed to the injury received. The negligence attributed to the plaintiff is the reckless manner of his undertaking to couple the car to the engine. This was done while standing on a platform attached to the engine, the plaintiff attempting to handle simultaneously the link and pin in the car, and also the link on the moving engine. Experts testified that this was a dangerous experiment. This he did without the aid of a coupling stick, using only his naked hands for the purpose. The rules of the company provide, that "coupling by hand is strictly prohibited; sticks must be used to guide the hand or shackle;" and each employè "is required to provide himself at all times with a stick for that purpose." It was competent to introduce in evidence any rule of the company applicable to plaintiff's duties at the time he was injured, but not the entire body of the company's printed rules bearing on matters entirely foreign to the issue in dispute; and the court so properly ruled.

4. The plaintiff having denied any knowledge of the foregoing rule requiring the use of the coupling stick, it was competent for defendant to prove that plaintiff had frequently seen persons use such a stick in prosecuting their duties in

[Birmingham Union Railway Co. v. Hale.]

making couplings of cars; but he could not prove the mere fact that the rules were "frequently referred to" by the employès generally in the discharge of their various duties. The important point was the knowledge which the plaintiff, not other employès, may have had, or was culpable in not having, as to this particular rule, or, what is the same thing in effect, the ordinary habit of prudent persons in the discharge of like duties under similar circumstances.

The court did not err in refusing to give the general affirmative charge requested by the defendant, as there was some slight evidence tending to prove negligence on the part of the defendant's engineer, and to rebut the alleged want of ordinary care on the part of the plaintiff. Its probative force and relative preponderance was a question for the jury.

Reversed and remanded.