[Battles v. Tallman.]

96  403
96  417

# Battles *v.* Tallman.

*Action against Probate Judge for Statutory Penalty, for Issuing Marriage License to Minor.*

1. *Memorandum as evidence, and as aid to memory of witness.*—A memorandum to which a witness may refer for the purpose of refreshing his memory as to the statements made to him by a party to a cause is not itself admissible as evidence for the adverse party, except when called for by the party against whom it is offered, unless the witness, after examining it, can not testify to a present recollection of the facts therein noted.  But if the witness, after referring to the memorandum, is unable to recall the matter so that he now remembers what occurred, yet testifies that at or about the time the memorandum was made he knew its contents, and knew them to be true, then the memorandum itself may be admitted, in connection with the testimony of the witness to this effect.

2. *Same.*—Where a memorandum as to statements made by a party to a cause, which is itself admissible as evidence against him, was made in a book containing other entries with which such party was in no way connected, only that part of the book which contains such memorandum is admissible as evidence against such party.

3. *A charge which is abstract, or which assumes the truth of the testimony of a witness* should be refused.

4. *Measure of proof in civil case.*—In a civil case, the jury are authorized to find that a controverted fact has been established, if a preponderance of the evidence reasonably satisfies them of its truth; and it is error to instruct them that they should not find that such fact has been established unless they have an "abiding conviction" from the evidence that it has been established, or if they are left "in doubt and uncertainty" as to its existence.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This was an action by the appellant, William F. Battles, against the appellee, James A. Tallman, who was probate judge of Etowah county, for the recovery of the statutory penalty of two hundred dollars, for issuing a license for the marriage of the plaintiff's minor daughter, contrary to the provisions of the statute.—Code, § 2318.

The questions raised on the introduction of evidence are sufficiently shown in the opinion.  On the evidence adduced, the court, at the request of the defendant, gave the following written charges, to which the plaintiff separately excepted:

1. "If the jury believe from the evidence that W. F. Battles' statement of the age of Anna Battles to the census-taker, Murphree, was correct, their verdict must be for defendant;

[Battles v. Tallman.]

and in determining whether or not his statement was correct as to Anna Battles' age, they may look to his statements as to the ages of his other children, and whether or not he stated them correctly, with all the other evidence in the case." 2. "The court charges the jury that if, after a survey of all the evidence in the case, including the census-book in evidence, they are not satisfied that Mrs. Mayo was under eighteen years of age when the license was issued, their verdict must be for defendant." 3. "If the jury, after a careful survey of all the evidence in the case, have not an abiding conviction that Mrs. Mayo, daughter of plaintiff, was under eighteen years of age at the time of the issuance of the marriage license, their verdict must be for defendant." 4. "The jury have the right to look at the census-book, and the statement made therein as to the age of Mrs. Mayo, daughter of the plaintiff, in 1880, in connection with all the other evidence in the case, in ascertaining the truth as to the age of Mrs. Mayo at the time the marriage license was issued by defendant; and if they believe from the statement made in said census-book as to the age of Mrs. Mayo in 1880, when taken in connection with all the other evidence in the case, that Mrs. Mayo was born in November, 1869, and the marriage license was issued on the 10th day of August, 1888, then, and in that event, plaintiff would not be entitled to recover, and their verdict must be for defendant." 5. "The jury may look to the census-book in this case, in connection with the evidence of Murphree and all the other evidence in the case, to determine whether or not Mrs. Mayo was over eighteen years of age when the license was issued in this case; and if, after considering all the evidence in the case, they are left in doubt and uncertainty as to whether or not Mrs. Mayo was under eighteen or over it at the issuance of the license, their verdict must be for defendant." There was judgment for the defendant, and the plaintiff appeals, and now assigns as error the rulings upon the evidence, and the giving of the charges requested by the defendant.

AMOS E. GOODHUE, for appellant.

R. A. D. DUNLAP, contra.

WALKER, J.—The controverted question of fact in the case was the age of the plaintiff's daughter, Mrs. Mayo, at the date of the issuance of the license for her marriage. The plaintiff himself testified, that his daughter was at that time under eighteen years of age. Of course it was com-

[Battles v. Tallman.]

petent, for the purpose of discrediting the testimony of the witness, to prove that he had made a former statement in reference to the age of his daughter which would show that she was more than eighteen years old when the license was issued. The plaintiff himself admitted that he stated the ages of his children to Mr. Murphree, who was the census enumerator in 1880. Mr. Murphree was examined as a witness for the defendant. He testified that he put down the answers of the plaintiff to the questions as to the ages of the members of the latter's family, and that the census-book which was kept in the office of the judge of probate was a copy made by the witness from his original entries, which he had sent to Washington. Against the objection of the plaintiff, this census-book itself was admitted as evidence for the defendant. The entries therein showing the ages of plaintiff's children were memoranda which the witness could have referred to for the purpose of refreshing his memory as to the statement on the subject made to him by the plaintiff. The absence of the original was accounted for, and the correctness of the copy was shown. But such a memorandum itself is not admissible, except when called for by the adverse party, unless the witness, after examining it, can not testify to a present recollection of the fact therein noted. If the witness, when his memory has been refreshed, can state the particulars from recollection, such statement is the better evidence, and the party who calls him is not entitled to the admission of the memorandum as evidence in the cause. But if the witness, being unable to recall the matter so that he now remembers what occurred, yet testifies that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, then the memorandum itself may be admitted in connection with his testimony to this effect. *Acklen v. Hickman*, 63 Ala. 494; *Jaques v. Horton*, 76 Ala. 238; *Calloway v. Varner*, 77 Ala. 541; *Snodgrass v. Caldwell*, 90 Ala. 319. In the present case, it was not made to appear that the witness was unable to recall the answers of the plaintiff to the question as to the ages of his children. If the witness, after his memory was revived by referring to the entries, could remember what the plaintiff stated to him was the age of his daughter, the defendant was not entitled to introduce the memorandum as evidence to show what the statement was, but should have proved such statement by the testimony of the witness himself. In any event, only that part of the census-book which contained the entries based upon statements shown to have been made by the

plaintiff was admissible against him. The reports of the census enumerator as to other matters, with which the plaintiff was not connected in any way, were wholly irrelevent. The entire book containing such reports was not admissible against the plaintiff's objection.—*Memphis & Charleston R. Co. v. Askew*, 90 Ala. 5.

Charge one given at the instance of the defendant assumes the truth of the testimony of the witness Murphee, to the effect that the plaintiff stated to him the age of his daughter Anna, and that the entry in the census report was based upon such statement. This charge was also abstract, as there was no evidence that the ages of plaintiff's other children were correctly given in the enumerator's report.

The measure of proof required by the language used in charges three and five is too high. In a civil case, the jury are authorized to find that a controverted fact has been established, if a preponderance of the evidence reasonably satisfies them of its truth. The expression "an abiding conviction" implies such a degree of certainty as would justify a verdict of guilt in a criminal case.—*Griffith v. The State*, 90 Ala. 588. Such certainty is not required in a civil case. It may be said that a fact is left in doubt and uncertainty, if there is any doubt and any uncertainty as to its existence. A jury is not required to be without doubt, and certain of the correctness of their finding, in a civil case. Some degrees of doubt and uncertainty are not incompatible with that reasonable conviction which is all that is required in civil cases.—*Thompson v. L. & N. R'd Co.*, 91 Ala. 496; *Birmingham Union Railway Co. v. Hale*, 90 Ala. 8; *Wilkinson v. Searcy*, 76 Ala. 176.

Reversed and remanded.