GEORGE W. DAVIE *vs.* HORACE H. JONES.

Cumberland. Decided August 4, 1878.

*Witness. Party. Evidence. Trial.*

The refusal of a plaintiff, who is also a witness, to show his books of account already in court, upon which the articles in his account annexed are claimed to be charged, after refreshing his recollection by a paper and testifying that it is a copy from the book, may be considered by the jury as bearing upon the credit to be given to his testimony relative to the charges; and it is error for the presiding justice to refuse so to instruct them.

ON EXCEPTIONS, from the superior court.

ASSUMPSIT on account annexed for boots and shoes delivered defendant's wife, partly during cohabitation and partly after the defendant and his wife had separated. The verdict was for the plaintiff; and the defendant alleged exceptions, stated in the opinion.

*T. H. Haskell*, for the defendant.

*S. L. Carleton*, for the plaintiff.

LIBBEY, J. The plaintiff was a witness in his own behalf to prove the sale and delivery of the articles for which he claimed to recover. He used what he testified was a copy of his account on his book to refresh his recollection, and, after so doing, testified to the sale and delivery of the articles at the dates contained in the bill annexed to the writ. He afterwards stated that he had his book of original entries, made by himself, in court; and on cross examination was asked to produce it. Under instructions from his

counsel not to do so, and a ruling of the presiding judge that he was not legally obliged to do so, he refused to produce it. Having testified by refreshing his recollection by referring to what he said was a copy, and having the original in court, the refusal to produce it that it might be seen whether it would support his testimony or not, was an act in court as a witness and party which it was competent for the jury to consider in weighing his evidence. The refusal by the presiding judge, on request, to tell them so was virtually withdrawing it from their consideration. The competency of the fact as evidence was a question of law for the court. The weight to be given to it was for the jury.

The requested instruction on this point should have been given.

*Exceptions sustained.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.