[Acklen's Executor v. Hickman.]

## Acklen's Executor *v.* Hickman.

*Action on Common Courts.*

1. *Refreshing memory of witness by memorandum.*—A witness may refresh his memory by examining a memorandum made ·by himself, or known and recognized by him as stating the facts truly, when, after such examination, he can testify to the facts as matter of independent recollection; but, in such cases, the memorandum itself is not thereby made evidence in the cause, unless the opposing party calls for it.

2. *Same.*—It the memory of the witness is not refreshed by an examination of the memorandum, so that he can testify to the facts as matter of independent recollection, but he can nevertheless testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, his testimony and the memorandum are both legal and competent evidence; but, if he did not know the contents of the memorandum to be true when it was made, although he saw it made, and he has no independent recollection of the facts after examining it, the memorandum is not admissible evidence of the facts therein stated.

3. *Alien enemy* —In an action on the common counts, where the plaintiff relies for a recovery on an account stated since the close of the late war, and partial payment or acknowledgment made since that time, no question of alien enemy can arise, although the original consideration of the account or promise accrued during the war, and the parties were at that time under different and opposing flags.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This case was before this court at its December term, 1877, and may be found reported in 60 Ala. 568-71. The action was brought by James Hickman, against John D. Weeden, as the executor of the last will and testament of William Acklen, deceased; and was commenced on the 4th April, 1874. The complaint claimed $291.09, "due by account between the plaintiff and said William Acklen, on the 21st March, 1864;" and "the further sum of $191.09, due by account for money paid by plaintiff for said William Acklen in his life-time, and at his request, on the 21st March, 1864, which is entitled to a credit of $20 paid by said Acklen on the 10th November, 1869;" and "the further sum of $374.55, due him on account stated between him and said Acklen in his life-time, to-wit, on the 10th November, 1869." The defendant pleaded, "in short by consent, 1st, *non assumpsit*; 2d, payment; 3d, the statute of limitations of three years, the cause of action being an open account; 4th, the statute of limitations of six years; 5th, accord and satisfaction." The plaintiff took issue on the first, second, and

[Acklen's Executor v. Hickman.]

fifth pleas; replied to the third, that on a statement of accounts between plaintiff and said Acklen, on the 10th November, 1869, the balance now sued for was ascertained to be due to plaintiff, and Acklen promised to pay it; and to the fifth, that on said statement of accounts, a balance in favor of plaintiff being ascertained, Acklen promised to pay it, and made a partial payment of $20 on said 10th November, 1869.

On the trial, as appears from the bill of exceptions, the plaintiff read in evidence an account in his favor against said William Acklen, which contained, under date of March 21st, 1864, the following items: "Paid hauling 24 B. C. to Beirne's $182.70;" "Bailing, rope, and twine, for 24 B. C. $108.39;" together amounting to $291.09, with interest added, "3 years, 4 mos., $83.77;" making a sum total of $374.53. Indorsed on this account were two memoranda, one signed by J. V. A. Hinds, and the other by said James Hickman; the first being in these words: ".The above is correct, by the books of James Hickman, as kept by me, October 30th, 1867;" and the other: " Huntsville, Alabama, twenty dollars on the within account." The evidence in reference to this account, and these indorsements, is thus stated in the bill of exceptions:

"On the trial of this cause, the plaintiff introduced James V. A. Hinds as a witness, who testified that, in the year 1864, he was the plaintiff's book-keeper and agent; that in February, 1864, in Madison county, Alabama, he, as such agent, contracted with defendant's testator for the purchase of all his crop of cotton, supposed to be about forty bales, on the following terms and conditions: to pay twenty cents per pound, and one-half the rise, to furnish the baling, rope and twine for baling, and to haul said cotton to town without charge; that he, as such agent, pursuant to said contract, furnished baling, rope and twine, sufficient to bale said Acklen's whole crop of forty bales; that he received from said Acklen sixteen bales of cotton, and no more, and, soon after the delivery thereof, paid said Acklen for the same; that the gin on said Acklen's premises became broken, or out of order, so that witness, as agent of said Hickman, had the remainder of the cotton hauled to the gin on the plantation of George P. Beirne, where it was ginned and baled; that he received no more than the sixteen bales, for which he paid; that the account sued on is for the baggging, rope and twine, for the baling of the twenty-four bales which Acklen failed to deliver, and for the hauling above stated; and that said account is in the handwriting of witness, and was taken by him from the books of said Hickman, and is correct. The account was then read in evidence, as follows," setting out

the account above described. "Said witness then testified, that the first indorsement on said account was in his handwriting; that, having refreshed his memory by reading said memorandum, he could now testify from memory that said statement was true, and that the same was correctly dated October 30, 1867, and that he drew off said account from the books of the day of the date of said memorandum; that on or about the 30th October, 1867, he presented said account, with said indorsement on it, to said Acklen, at his residence in Huntsville; and that said Acklen admitted that he owed the account, and that said account was correct. Thereupon, plaintiff offered to read in evidence the said memorandum, or indorsement, dated October 30, 1867. To this the defendant objected, because said memorandum was not legal evidence; admitting that the witness could refer to said memorandum to refresh his memory, but insisting that the same could not be properly received as evidence, because it was an *ex-parte* statement of the witness. The court overruled the objection, and admitted the memorandum; to which the defendant excepted.

"The witness further testified, that several years afterwards, some four or five years, the plaintiff came to Huntsville, from Nashville, and, at his request, witness went with him to the residence of said Acklen in Huntsville; that the account was the subject of conversation between Hickman and said Acklen; that Hickman told Acklen, he must have some money to go home on, and did not have money to pay his expenses; that Acklen thereupon handed something to Hickman, but he (witness) can not say whether it was a bank-bill, or the account sued on, or both; that he does not remember what it was; and that Acklen, when he handed this *something* to plaintiff, said, 'I will pay you the balance soon.' The witness said, that he could not remember the day, the month, or the year, when he went with Hickman to see Acklen; and that the second indorsement on said account" [the credit of $20] "was in the handwriting of said Hickman. The court allowed the witness, against the objection of the defendant, to testify that he saw Hickman make said indorsement on said account, in Huntsville, on the same day, and soon after he and Hickman left Acklen's house, and went up town on the public square; to which ruling the defendant excepted. The court also allowed the witness, against the objection of the defendant, in the presence of the court and jury, to look at said indorsement in the handwriting of Hickman, and refresh his memory by the use of said memorandum, and then to testify, against the objection of the defendant, that the said visit of witness and Hickman to said Ack-

len was made on the 10th November, 1869. The defendant objected to this evidence of the date of said visit, and his reference to said indorsement to refresh his memory; because the effect was, indirectly, to get said indorsement before the jury; and because no memorandum, made by said Hickman, could be properly referred to by said witness; and because it was not shown that the witness knew said indorsement was true. These objections were overruled, and the defendant excepted. After the argument of counsel was concluded, the court charged the jury, that said indorsement on the account, dated November 10th, 1869, was not evidence.

" The witness testified, also, on cross-examination, that the cotton purchased by him, as the agent of Hickman, from Acklen, was to be shipped from Huntsville, Alabama, to Nashville, Tennessee; that the sixteen bales received were so shipped; that Acklen resided at Huntsville throughout the late war between the States, and adhered to and supported the government of the Confederate States; that Hickman resided at Nashville, Tennessee, throughout the war, and adhered to and supported the United States; that the Confederate forces had charge and control of Huntsville and Madison county at the time said contract was made about the cotton, and the Federal soldiers had charge and control of Nashville, Tennessee; that Hickman was under the Federal flag, and Acklen was under the Confederate flag; and that the contract, and all the conversation about the cotton, bagging and twine, were had in Huntsville. This was all the evidence. The defendant's counsel argued, that the contract and account sued on were void, as against public policy, and because Hickman and Acklen were alien enemies, and because said contract was ' for the transportation of goods in a State declared to be in insurrection against the United States;' and defendant's counsel cited, and handed to the court, 2 Brightley's Digest (U. S. Laws, 1857-65), p. 195, § 29. The court looked at the section, and said to the jury : ' I charge you, that Brightley's Digest, and this question of alien enemy, have nothing to do with the case;' to which charge the defendant excepted."

The rulings of the court on the evidence, to which exceptions were reserved, as above, and the charge to the jury, are now assigned as error.

WALKER & SHELBY, for the appellant, cited the following authorities : 1. As to the rulings on evidence : *Kelsea v. Fletcher*, 48 N. H. 282 ; *Haven v. Wendell*, 11 N. H. 112 ; *State v. Shinborn*, 46 N. H. 504 ; *Vastbinder v. Metcalf*, 3 Ala. 100 ; *Olds v. Powell*, 10 Ala. 399 ; *Rutherford v. Br. Bank at Mobile*,

[Acklen's Executor v. Hickman.]

14 Ala. 92; *Russell v. Hudson Railroad Co.*, 17 N. Y. 134; *Meacham v. Peel*, 51 Barbour, 65; *Rogers v. Burton*, Peck's (Tenn.) R. 108; *Beets v. State*, Meigs, Tenn. 106; *McGehee v. Greer*, 7 Porter, 538; *Knight v. Clements*, 45 Ala. 94; *Crawford v. Br. Bank*, 8 Ala. 79; 1 Wharton's Ev. 521-2; *Coffin v. Vincent*, 12 Cushing, 98. 2. On the question of alien enemy: *Cutner v. United States*, 17 Wallace, 517; *McKee v. United States*, 8 Wallace, 163; *Dismore v. United States*, 3 Otto, 605.

HUMES & GORDON, *contra*, cited *Ware & Cowles v. Dudley*, 16 Ala. 742; *Walker v. Driver*, 7 Ala. 679; *Langdon v. Roane*, 6 Ala. 578.

STONE, J.—The law recognizes the right of a witness to consult memoranda in aid of his recollection, under two conditions: *First*, when, after examining a memorandum made by himself, or known and recognized by him as stating the facts truly, his memory is thereby so refreshed that he can testify, as matter of independent recollection, to facts pertinent to the issue. In cases of this class, the witness testifies to what he asserts are facts within his own knowledge; and the only distinguishing difference between testimony thus given, and ordinary evidence of facts, is that the witness, by invoking the assistance of the memorandum, admits that, without such assistance, his recollection of the transaction he testifies to, had become more or less obscured. In cases falling within this class, the memorandum is not thereby made evidence in the cause, and its contents are not made known to the jury, unless opposing counsel call out the same on cross-examination. This he may do, for the purpose of testing its sufficiency to revive a faded or fading recollection, if for no other reason.

In the second class are embraced cases in which the witness, after examining the memorandum, can not testify to an existing knowledge of the fact, independent of the memorandum. In other words, cases in which the memorandum fails to refresh and revive the recollection, and thus constitute it present knowledge. If the evidence of knowledge proceed no further than this, neither the memorandum, nor the testimony of the witness, can go before the jury. If, however, the witness go further, and testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memorandum. The two are the equivalent of a present, positive statement of the witness, affirming the truth of the contents of the memorandum.—1 Greenl. Ev. §§ 436-7; *Bondurant v. Bank*, 7 Ala. 830.

[Acklen's Executor v. Hickman.]

Under these rules, the Circuit Court erred in allowing the memorandum to be given in evidence to the jury. The court erred, also, in allowing the witness to refresh his recollection, by the credit indorsed in the handwriting of Hickman. True, he stated he saw the indorsement made; but he did not testify that he knew, or ever had known, it contained a true statement of the facts. If he had testified that he saw the indorsement made, and observed its contents, and knew at the time that they were true, this would have brought the testimony within the second of the rules states above, and would have let in both the testimony and the memorandum, notwithstanding the witness, at the time of the trial, had no independent recollection of the facts shown by the indorsement.

The foregoing covers all the questions presented in the briefs, and all the questions that appear to be material. Under the pleadings, and the tendency of the testimony, it would seem that the plaintiff's reliance for a recovery is on an account stated, and on a promise, or partial payment, or an acknowledgment, to intercept the running of the statute of limitations. The testimony bearing on these questions places them after the close of the war, and hence no question of alien enemy, or opposing flags, can arise. If Hickman and Acklen belonged to opposing, belligerent nationalities, or organized forces, at the time the latter had the use and benefit of the labor and merchandise which are the consideration of the alleged promise to pay, hostilities had ceased, and peace had been re-established, long before the alleged accounting took place, or the asserted partial payment and promise to pay are claimed to have been made. If plaintiff has failed to establish his right to recover, by what took place after the close of the war, his claim is barred by the statute of limitations. This renders it unnecessary to inquire whether the account, when contracted, was between alien enemies. The accounting or payment afterwards, if made, healed that infirmity.

Reversed and remanded.