[Calloway v. Varner.]

# Calloway *v.* Varner.

*Action on Promissory Note ; · Plea of Set-Off.*

| 77 | 541 |
| 96 | 405 |
| 96 | 417 |
| 77 | 541 |
| 99 | 108 |
| 77 | 541 |
| 124 | 587 |
| 77 | 541 |
| 121 | 275 |

1. *Refreshing memory of witness by memorandum.*—While a witness must testify to facts within his knowledge, he may, during his examination, assist or refresh his memory, by referring to an entry or memorandum made at or near the time when the facts occurred, whether made by himself or another person, if he knows it to be correct, and can, after referring to it, testify from independent recollection; and it is not necessary to show that the witness needs the memorandum to assist his memory.

2. *Same.*—The memorandum so referred to by the witness is not thereby made evidence, nor its contents disclosed to the jury, unless called for by the opposite party; and it is immaterial whether it be the original memorandum, or a copy thereof known by the witness to be correct; but, when a copy is used, and the· original, being called for, is not produced, the failure to produce it, or to explain satisfactorily the reasons for using a copy, is a circumstance to be considered by the jury in weighing the testimony of the witness.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JAMES E. COBB.

This action was brought by Esselman Varner, against George W. Calloway, was commenced on the 2d April, 1883, and was founded on the defendant's promissory note for $500, which was dated the 4th March, 1872, and payable on the 1st January, 1877. The defendant pleaded the statute of limitations, payment, and set-off; and the cause was tried on issue joined on these several pleas. " On the trial," as the bill of exceptions states, the plaintiff read in evidence the note sued on, " and testified that said note had two credits on it—one of $102, dated March 15th, 1878; and the other for $292, dated January 1st, 1879. The defendant, then being sworn as a witness, was proceeding to testify about different payments he had made on the note, looking at a paper he held in his hand; when plaintiff's counsel asked him, what paper he was looking at, and if he was looking at the paper to refresh his memory. Thereupon, witness swore that he was looking at a memorandum to refresh his memory about the payments he had made on the note ; that he had made a memorandum in a book of each of these items and payments, at the time the payments were made; and that the memorandum which he held in his hand, and which he was looking at to refresh his memory, was an exact copy, recently made, and which he had made from the entries of payments made in said book at the time the transac-

[Calloway v. Varner.]

tions occurred. It was not shown what the entries were, except from the statements of the witness; and it was not shown that it was necessary that the witness should look at the paper to refresh his memory. The plaintiff objected to the witness looking at said paper for the purpose of refreshing his recollection;" which objection the court sustained, and the defendant excepted.

In the further progress of the trial, the testimony of the parties themselves being in conflict, as to a mule and some corn which defendant had delivered to plaintiff, and for which a credit or set-off was claimed, " plaintiff introduced M. P. Bullard as a witness, to prove the time at which said mule and corn were delivered to him by defendant; and said Bullard stated, that he could not remember the date—could not say with certainty what year it was; that he knew it was the year after he had lived with one Higgins, and could tell what year he lived with said Higgins from a memorandum-book in his pocket, which contained entries of transactions with Higgins made at the time the transactions occurred, which would show by their date the year he lived with Higgins. The defendant objected to allowing the witness to look at said memorandum-book," and excepted to the overruling of his objections.

These two rulings of the court are now assigned as error.

L. E. PARSONS, JR., and S. J. DARBY, for appellant.

W. P. GADDIS, contra.

CLOPTON, J.—While the defendant was undergoing examination as a witness in his own behalf, the court refused to allow him, for the purpose of refreshing his recollection, to refer to a copy of original entries of payments on the note sued on, made by him in a book at the times the payments were severally made, which he stated was an exact copy.

Although a witness must testify to facts within his own knowledge, he may, while under examination, refer, for the purpose of assisting or refreshing his memory, to a memorandum made at or near the time of the occurrence of the facts, whether made by him, or by another, if he knows it to be correct; but, after having referred to the memorandum, he must be able to testify from independent recollection. The memorandum is not admissible in evidence, nor are its contents disclosed to the jury, unless called for by the adversary party. *Acklen v. Hickman,* 63 Ala. 494. It need not be shown that it is necessary for the witness to assist his memory by the memorandum. "The witness, by invoking the assistance of the memorandum, admits that, without such assistance, his recollec-

· tion of the transaction he testifies to, had become more or less obscured."

The distinction between the purpose to refresh the memory of the witness, and the purpose to introduce in evidence the memorandum itself, must be kept in view. When the object is to have the memorandum or entries admitted as evidence, the original must be produced, or its absence satisfactorily accounted for. But, where the purpose is merely to assist the memory of the witness, that he may thereupon testify from independent recollection, he may refer to a paper, which he knows to be a correct copy of the original. As remarked by Lord Ellenborough: " It is not the memorandum that is the evidence, but the recollection of the witness."—*Henry v. Lee*, 2 Chitty, 124.

In 1 Green. on Ev. § 436, the author observes: " It does not seem necessary that the writing should have been made by the witness himself, nor that it should be an original writing, provided, after inspecting it, he can speak to the facts from his own recollection." And in *Doe v. Perkins*, 3 T. R. 753, the case of *Tanner v. Taylor* is referred to, where a witness refreshed his memory, by looking at an account, which he stated was a copy of his day-book, that he had left at home. Baron Legge said: " If he would swear positively from recollection, and the paper was only to refresh his memory, he might make use of it."

In some of the cases it has been held, that a copy should not · be appealed to, even to refresh the memory, when the original can be produced. Such practice would frequently put parties to unnecessary trouble, inconvenience, and expense, and sometimes require what is impracticable. The tendency is rather to relax the rule; and the weight of authority is in favor of the doctrine, that a witness may, to refresh his recollection, use a copy of entries which he knows to be correct, if, on inspecting it, he can then testify to the facts.—*Bullock v. Hunter*, 44 Md. 416; *Harrison v. Middleton*, 11 Gratt. 527; *Marcly v. Shults*, 29 N. Y. 346. The rule is subject to the limitation, that the witness must be able to testify that the original entry was, when made, a true statement of the facts, and the copy must be verified.

Where a copy is used to assist the memory, the opposite party may call for the original, to test the sufficiency and accuracy of the copy. If the original, on such call, is not produced, and satisfactory reasons are not given for the failure to produce it, and for using a copy, this circumstance may be considered by the jury in weighing his evidence.—*Chic. & Al. R. R. Co. v. Adler*, 56 Ill. 344; *Davis v. Jones*, 68 Me. 393.

The defendant should have been permitted to refresh his memory by the use of a copy of the original entries. There is

no error in allowing the witness Bullard to assist his recollection of the year, as to which he was testifying, by referring to his memorandum-book.

Reversed and remanded.