## POLYTINSKY v. SHARPE et al.
## (8 Div. 641.)

(Supreme Court of Alabama.   May 22, 1924.
Rehearing Denied June 26, 1924.)

1. **Pledges ⟨⟩37—Transfer of mortgage as collateral security does not preclude mortgagee's recovery from purchaser from mortgagor.**

That fact that a mortgagee of cotton has transferred the mortgage as collateral security does not affect its right to recover from purchaser from the mortgagor.

2. **Evidence ⟨⟩186(6)—Admission of memorandum as true copy of defendant's books not produced by him held not error.**

In mortgagee's action against purchaser of cotton from mortgagor, where defendant admitted that he kept book entry showing purchases made and that he failed to produce same upon demand because they were lost, thus rendering secondary evidence thereof admissible, and plaintiff testified that he had previously examined such entries and made a copy showing "just what his (plaintiff's) book showed," it was not error to admit such memorandum as true copy, together with plaintiff's testimony.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action for conversion and wrongful taking of cotton by Clyde Sharpe and Ernest Weinmann, doing business as Clyde Sharpe & Co., against A. Polytinsky and Sam Polytinsky.   Judgment for plaintiff against A. Polytinsky, and he appeals.   Transferred from Court of Appeals under section 6, p. 449, Acts 1911.   Affirmed.

Wert & Hutson, of Decatur, for appellant.

There was error in admission of appellant's book entries.   Code 1907, § 4003; White v. Bean, 16 Ala. App. 330, 77 South. 924; 10 R. C. L. 1176.   A memorandum used to refresh recollection is not admissible in evidence.   Calloway v. Varner, 77 Ala. 541, 54 Am. Rep. 78; Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Comm. v. Ford, 130 Mass. 64, 39 Am. Rep. 426; 138 Am. St. Rep. 476; 3 Mayfield's Dig. 526.   The plaintiff having no title to the mortgage cannot maintain the suit.   Code 1907, § 2489.

Sample & Kilpatrick, of Hartsells, for appellees.

The book of account having been lost, proof of its contents was admissible.   22 C. J. 889; Gulf Red Cedar Co. v. Crenshaw, 188 Ala. 606, 65 South. 1010.   Proof that plaintiffs' mortgage had been transferred was properly disallowed.   Fairbanks v. Chunn, 2 Ala. App. 642, 56 South. 847.

GARDNER, J.   This suit arose from the purchase by appellant of certain cotton from one Parker who had previously executed a mortgage to appellees embracing these crops.

The case of A. Polytinsky versus Johnston arose likewise, and we find that many of the assignments of error here urged are answered by the opinion in that case, and need no further consideration here.   See A. Polytinsky v. Johnston, ante, p. 99, 99 South. 839.

[1] One of the questions not ruled upon in the above authority relates to the action of the court in sustaining objections of the plaintiff to defendant's proffered proof to the effect that at the time of the suit and prior thereto the mortgage under which plaintiffs claim title had been placed by plaintiffs with the First Mortgage Company as collateral security.   Plaintiffs had the mortgage and produced it at the trial.   This question was considered by the Court of Appeals in Fairbanks v. Chunn, 2 Ala. App. 642, 56 South. 847, where it was held that, under circumstances as here appear, the fact of a transfer of the mortgage as collateral security did not affect the plaintiff's right to recovery.   We approve the conclusion of the court in that case, and consider that it fully answers the question here presented.

We are of the opinion that while the evidence was not of a positive and direct character, it was sufficient for submission to the jury that the cotton purchased was embraced within the mortgage and its value, and that the affirmative charge was therefore not due to be given in behalf of defendant for a total lack of such proof.

[2] In Polytinsky v. Johnston, supra, it was held the trial court committed no error in permitting plaintiff to testify that he inspected defendant's cotton book which was shown him, and that it disclosed the purchase of the bale of cotton there in question.   Demand had been made on defendant to produce the book, and it was held his failure or refusal to comply therewith rendered secondary evidence of its contents admissible.   The evidence was admissible as an admission.   17 Cyc. 397.   Upon original consideration of this cause we were of the opinion all questions not further treated in the original opinion had been decided in the Johnston Case, supra, including the question as to admissibility of this secondary evidence.

Upon application for rehearing, however, counsel for appellant insist such is not the case.   We find a point of differentiation which escaped our notice.   In the instant case plaintiff, as in the Johnston Case, examined defendant's cotton book, showing from whom he purchased the cotton, the amount, and price.   It was admitted by defendant that he kept such book, and that demand had been made for its production, and that it had been lost.   Plaintiff then testified that he found in these books entries showing the purchase of certain bales of

cotton from R. H. Parker, with date of purchase and weight of each. He then testified that he made a copy of that part of the book showing the purchase of cotton from Parker, and that the copy he made "shows just what his book showed." This memorandum was admitted in evidence over defendant's objection, and this is insisted on as error. Counsel refer to those authorities that hold memoranda inadmissible when used to refresh recollection of the witness. Calloway v. Varner, 77 Ala. 541, 54 Am. Rep. 78; Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54. These authorities are not applicable. The memorandum was not one merely to refresh the memory of the witness, but a true copy, made by the witness, of defendant's book, as to which secondary evidence was admissible. The distinction is drawn in the Acklen Case, supra, where the court says (citing 1 Greenleaf on Evidence, § 436):

"If, however, the witness go further and testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memorandum. The two are the equivalent of a present, positive statement of the witness, affirming the truth of the contents of the memorandum."

See, also, Bolling v. Fannin, 97 Ala. 619, 12 South. 59.

In Foster & Rudder v. Smith, 104 Ala. 248, 16 South. 61, a memorandum of the account, which the witness testified was correct, was permitted to go to the jury as an aid to them in recollecting the testimony of the witness as to what were the correct items of the account.

The court did not err in admitting the memorandum.

The application for rehearing will be denied, and the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.