ALABAMA TRUNK & LUGGAGE CO. v. HAUER. (6 Div. 631.)

(Supreme Court of Alabama. April 22, 1926.)

1. Contracts ⊂⊃295(1) — Work and labor ⊂⊃12.

Without substantial compliance by plaintiff with requirements of his contract to erect certain signs, he could not recover thereon, but he could recover on quantum meruit, if work was performed and voluntarily accepted.

2. Evidence ⊂⊃380 — Introduction of photograph of sign in action on contract for erection thereof held proper, though witness did not see it taken.

Introduction of photograph of certain sign in action on contract for erection thereof held proper, when identified by witness as correct representation, though he did not take photograph or see it taken.

3. Witnesses ⊂⊃255(4)—In action on contract to erect certain signs, it was not error to permit witness testifying as to their location to refresh memory by referring to list made by another, but verified by him.

In action on contract to erect certain signs, it was not error to permit witness testifying as to their location to refresh memory by referring to list made by another, but verified by him.

4. Appeal and error ⊂⊃1058(2).

Error in excluding evidence held not reversible, where substance thereof was subsequently testified to by the witnesses.

5. Evidence ⊂⊃417(11)—In action on contract to erect certain signs, which stipulated that defendant should select seven locations, exclusion of oral evidence of agreement as to such locations held reversible error.

In action on contract to erect certain signs, which stipulated that defendant should select seven locations, exclusion of oral evidence of agreement as to such locations held reversible error; being evidence to explain how contract should be carried out.

6. Evidence ⊂⊃536—Exclusion of witness' testimony as to desirability of locations for tin signs held error, where he was familiar with poster advertising.

Exclusion of witness' testimony as to desirability of locations for tin signs, on ground that he had not before purchased signs of that particular kind, held error, where he was familiar with poster advertising.

7. Contracts ⊂⊃323(1) — Where contract for erecting signs did not specify time for beginning work, question whether buyer was given proper opportunity to exercise stipulated right to select locations held for jury.

Where contract for erecting signs did not specify time for beginning work, question whether buyer was given proper opportunity to exercise stipulated right to select locations held for jury.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Kenneth Hauer, doing business under name and style of the Howard System, against the Alabama Trunk & Luggage Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Vassar L. Allen, of Birmingham, for appellant.

Photographs are inadmissible in evidence until verified or authenticated by some other evidence. 10 R. C. L. 1158. Witness Hauer was erroneously permitted to testify to facts shown by the memorandum. Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; B. R., L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Snow Hdw. Co. v. Loveman & Co., 131 Ala. 221, 31 So. 19; Beitman v. Birmingham P. & G. Co., 185 Ala. 313, 64 So. 600; Southern Ry. Co. v. Caldwell, 8 Ala. App. 583, 62 So. 975. Counsel argues for error in other rulings, but without citing additional authorities.

Coleman, Coleman, Spain & Stewart, and F. W. Davies, all of Birmingham, for appellee.

Proof of a photograph may be made by any one familiar with the object it portrays. 10 R. C. L. 1158, 1159; 22 C. J. 913; Sanders v. State, 202 Ala. 37, 79 So. 375. A witness may refresh his memory from a memorandum made by himself, or by a third person, when he knows it to be correct. 28 R. C. L. 594; Denson v. Acker, 201 Ala. 300, 78 So. 76; Byars v. James, 208 Ala. 390, 94 So. 536. The error, if any, in sustaining an objection to a question subsequently answered, is not prejudicial. Mutual Life Ins. Co. v. Allen, 166 Ala. 159, 51 So. 877; Napier v. Elliott, 177 Ala. 113, 58 So. 435; Alexander v. Smith, 180 Ala. 541, 61 So. 68. The determination as to whether a witness is competent to give expert testimony is within the discretion of the court. Neyman v. A. G. S., 174 Ala. 613, 57 So. 435. A party may recover on a contract which he has substantially performed and he has not willfully deviated therefrom. 13 C. J. 692; 6 R. C. L. 966; Walstrom v. Oliver-Watts Co., 161 Ala. 608, 50 So. 46; Burnett Cigar Co. v. Art Wall Paper Co., 164 Ala. 547, 51 So. 263; Alexander v. Smith, 3 Ala. App. 501, 57 So. 104.

GARDNER, J. Appellee recovered judgment against appellant in this action for breach of contract, and also common counts for work and labor done.

[1] The contract was for the erection of 20 advertising signs along the principal public highways leading into the city of Birmingham, extending over a period of 12 months, with the stipulation for a replacement of any sign by plaintiff in case of destruction thereof. The compensation was to be $40 per month for 12 months from the date of erection. The contract was procured for plaintiff by the agent Peeper, and defendant, before signing, required to be added to the contract the words "privilege of selecting seven locations." Defendant insisted there had been a breach of the contract, in that they were not given the proper opportunity to make these seven selections of locations, and that the contract had not in other respects been complied with as to reasonable location

and proper maintenance. Of course, without a substantial compliance with the requirements of the contract on plaintiff's part, there could be no recovery on the contract, but, if the work was performed and voluntarily accepted by defendant, a recovery may be rested upon the common counts as on a quantum meruit. Hartsell v. Turner, 196 Ala. 299, 71 So. 658; Russell v. Bush, 196 Ala. 309, 71 So. 397; Walstrom v. Oliver-Watts Const. Co., 161 Ala. 608, 50 So. 46; Catanzano v. Jackson, 198 Ala. 302, 73 So. 510; 13 C. J. pp. 691, 692.

The issues thus presented were properly submitted, under the evidence, for the jury's determination.

[2, 3] Plaintiff, while a witness for himself, identified a photograph as that of one of the signs. He was entirely familiar with the signs, and testified that the photograph of the sign was an accurate picture thereof. The photograph was then offered in evidence by plaintiff, over defendant's objection. The insistence seems to be that it was inadmissible, for the reason the witness did not take the photograph or see it taken. But he was thoroughly familiar with the signs, and identified the photograph as a correct representation thereof. There was no error in permitting its introduction in evidence. 10 R. C. L. pp. 1158, 1159; Greenleaf on Evidence (16th Ed.) § 439h; K. C., etc., R. R. Co. v. Smith, 90 Ala. 25, 8 So. 43, 24 Am. St. Rep. 753; Sanders v. State, 202 Ala. 37, 79 So. 375; Luke v. Calhoun County, 52 Ala. 115; Carlson v. Benton, 66 Neb. 486, 92 N. W. 600, 1 Ann. Cas. 159, and note. This witness also testified as to the locations of the signs on the highways leading into the city, and in doing so refreshed his recollection by reference to a list thereof. Defendant objected to the use of this list or memorandum, as it was not one made by the witness. It appears the list was sent to the witness; that he thereafter inspected the signs as thus located, and checked the list or memorandum so furnished him, making thereon his own check marks, verifying the correctness thereof, and constituting in this manner the memorandum as his own. The memorandum itself was not offered in evidence, but merely used by the witness to refresh his recollection as to the locations so checked off on his inspections. The trial court committed no error in thus permitting the use of the memorandum. Bolling v. Fannin, 97 Ala. 619, 12 So. 59; Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Birmingham Ry. L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Denson v. Acker, 201 Ala. 300, 78 So. 76; Polytinsky v. Sharpe, 211 Ala. 510, 100 So. 750; Oden-Elliott Lbr. Co. v. Daniel Gaddis Lbr. Co., 210 Ala. 582, 98 So. 730; Warten v. Black, 195 Ala. 93, 70 So. 758.

[4] The matters of evidence constituting assignments of error 3, 4, 5, and 6 were subsequently testified to in substance by the wit-

ness, and reversible error is not made to appear.

[5] The contract here in question was procured, it seems, by one Peeper, representing the plaintiff, and on this contract were added the words, at defendant's suggestion, "privilege of selecting seven locations." It is defendant's contention that the manner of this selection should be by personal inspection or by accompanying plaintiff's agent when the signs were placed, and that selection by letter was not practical or contemplated. The contract is silent as to the manner of such selection or in what way the privilege is to be exercised, and it is not a matter concerning which the law supplies any deficiencies, such as involved in Miller Brothers v. Direct Lbr. Co., 207 Ala. 338, 92 So. 473, and Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49. See, also, 22 C. J. pp. 1075, 1076.

It has therefore been held that oral proof was admissible when offered not to contradict or vary a written contract, but simply to "explain how it is to be carried out." 22 C. J. 1144. An illustration of the application of this latter rule is found in L. & N. R. R. Co. v. Duncan & Orr, 137 Ala. 446, 34 So. 988. There the shipment of stock could have been routed over several connecting carriers' lines, and the bill of lading failed to specify which one of the connecting lines the shipment should go over. It was held that parol proof was admissible to show that the consignors gave directions for the shipment over a particular route. So, in the instant case, the contract is silent as to the manner of the exercise of the privilege of selection, and parol proof relating thereto would not vary or contradict the written contract.

The defendant offered to show an understanding or agreement with Peeper, plaintiff's agent, as to these seven locations, to which objection was sustained on the ground that it would tend to vary the terms of the written contract. We are of the opinion this ruling constitutes reversible error.

[6] We are also of the opinion the defendant W. M. Lawrence, as a witness, had shown sufficient knowledge of advertising of this and other character to state the suitable locations for such signs. On cross-examination he stated they had had the poster service, but never any other tin signs, except these, and never had any constructed. The witness added:

"That's all I know about the construction of them and all the dealings I have had in the construction of them."

Thereupon plaintiff's counsel moved "to exclude the witness' evidence along that line," which motion was sustained. This ruling evidently related to all the witness had stated in regard to the desirability of locations on the highway, and the mere fact he had not before purchased signs of this particular kind, though familiar with advertising of that character, did not justify the exclusion of all of his testimony "along that line." This was error.

[7] The trial court, as we judge from the rulings, construed the contract as placing the burden upon defendant to take the initiative of selecting and pointing out to plaintiff where these seven locations were to be, while defendant insists that the practical and reasonable manner of the exercise of such privilege was to accompany one of plaintiff's agents, and point out in person the locations, which could not be well done by letter. There was no time specified in the contract for beginning the work, which was left with plaintiff, except so far as the law might imply a reasonable time. To do the work, of course, required the presence of plaintiff's agent in the city where defendant was engaged in business, and defendant's evidence tends to show these locations could not be reasonably selected or described by correspondence. This requirement for privilege of selecting seven locations seems to have been added to the contract, then complete, a marginal addition, and was considered of some importance and inducement for defendant to enter into the agreement.

Under all the facts and circumstances we are of the opinion the reasonable manner of the exercise of this privilege of selection was a question for the jury's determination, and that the contract should not be construed by the court as placing the initiative on defendant as a matter of law.

The defendant did not by correspondence notify plaintiff of these locations, but their letters indicate they were expecting plaintiff's representative to go with them to point them out, and defendant's evidence tends to show they were not aware that work had begun until the signs were practically all erected, and that a representative of plaintiff, though present in the city, did not notify defendant of that fact, and give opportunity to accompany him and point out these locations.

Charges 8 and 12 (assignments of error 15 and 18) are to be construed to the effect that defendant failed in the performance of this duty in not "picking" out the seven locations. As previously stated, whether defendant was given the proper and reasonable opportunity by plaintiff to exercise this privilege was a question for the jury, and the court committed error in giving these charges for plaintiff, which assumed a failure of duty on defendant's part in this respect.

What has here been said should suffice for another trial of the cause. For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.