(123 So. 260)

FRICK CO. v. MONROE. (8 Div. 690.)

Court of Appeals of Alabama. Feb. 5, 1929.

Rehearing Denied Feb. 26, 1929. Reversed on Mandate June 29, 1929.

Watts & White, of Huntsville, for appellant.

R. E. Smith, of Huntsville, for appellee.

BRICKEN. P. J. The record in this case discloses that on May 24, 1927, appellee wrote the following letter to the appellant:

"Huntsville, Ala., May 24, 1927.

"Frick Company, Inc. Atlanta, Ga. Dear Sirs: Please ship us to Huntsville, Alabama, July First, sight draft bill lading through the First National Bank, this city, for the sum of $451.75 f. o. b. cars Atlanta, the following:

"One Frick No. 00 Left-hand, Portable Circular Saw Mill with 48" inserted 3x9 Tooth Saw, 15' of carriage, 45' of Ways, Improved Feed, 2 Simultaneous Ratchet Head-blocks, and extras usually furnished as standard equipment. Mill to be run by Case Engine, 18–32 H. P.. 4½x6 cylinder, fly wheel 16" diameter, 1,000 R.. P. M., two taper movements.

"Yours very truly,

"WPM/HBK        W. P. Monroe, Mgr."

"This order is hereby accepted this 27th day of May, 1927, at Waynesboro, Pa. Frick Company, by Ezra Frick, Pres. W. R. Snively, Secty."

On May 28, 1927, appellant wrote the following letter to Farmers' Cotton Oil & Fertilizer Company at Huntsville, Ala.:

"May 28, 1927.

"Farmers' Cotton Oil & Fertilizer Co., Huntsville, Alabama. Gentlemen: Our Company has accepted the order you sent us through Mr. Ballard for tractor mill and tractor saw, that being 28" 10 gauge saw with 34 #3 teeth. You do not specify in your letter the number of teeth. Mr. Ballard says this is to be a tractor saw, and the price would indicate this. Even if we figure on a tractor saw, he is $2.58 too low. That, however, is being passed up.

"We notice the order calls for shipment July 1st. If you want it sooner, please advise us, otherwise it will be shipped at that time.

"We thank you very kindly for this order, and trust you can sell more Frick machinery in your locality, and at this kind of a price, you would certainly make a nice profit on them.

"Yours truly,

"THB/AW.        Frick Company

"By T. H. Ball, Mgr. Atlanta Office."

On June 3, 1927, the appellee wrote the appellant the following letter from Huntsville, Ala.:

"Frick Company, Inc. Atlanta, Ga. Dear Sirs: We do not especially like the tone of your letter dated May 28th, and rather than have you lose money on the transaction, we shall ask that you cancel the order for the Saw Mill given your Mr. Ballard.

"We return your letter, and are closing our file.        W. P. Monroe, Mgr."

On July 1, 1927, the appellant shipped all the machinery called for in the letter of May 24th, from Atlanta, Ga., except the saw. This saw the appellant ordered from R. Hoe & Co., Inc., Birmingham, Ala., and same was shipped by that concern on July 7, 1927, consigned to the order of Frick Company, at Huntsville, Ala., with instructions to notify Farmers' Cotton Oil & Fertilizer Company. The saw shipped by the Birmingham concern was a 48" chisel tooth tractor saw, 9x10 gauge; 34 No. 3 teeth, right hand, regular holes, speed 400 to 500, serial number 179400. Appellant's representative, Mr. Ballard, testified that he was in Huntsville on May 24, 1927; that the appellee had a conversation with him about this machinery and gave him the written order above referred to, and told him to ship it bill of lading attached to Farmers' Cotton Oil & Fertilizer Company, W. P. Monroe, manager; that Mr. Monroe wrote out the order above referred to, himself, and the witness forwarded the order to the home office, "where our orders are accepted. That is their acceptance at the bottom."

Witness further testified that he was in Huntsville again about the 10th or 12th or maybe the 15th of July; that he went to the Southern Railway Company's depot and found the machinery there, and went up to the First National Bank and saw the bill of lading and draft, and that he saw Mr. Monroe, the appellee, on that occasion, and asked him what was the trouble about him not taking the machinery, leaving the draft and machinery and not taking it out, and Mr. Monroe told him that he had gotten a letter from the branch manager at Atlanta, and showed the witness the letter, referring to the letter of May 28th; that Mr. Monroe stated that he refused the machinery because he did not like this letter; that he did not like the tone of the letter; that the witness asked him if the machinery was all right, and if he had any objection to the machinery, and he said none that he knew of to be accurate; that Mr. Monroe had not paid for the machinery.

The evidence further showed that Mr. Monroe had not paid for the machinery ordered and shipped.

This was substantially all of the evidence, and at the request of the defendant in the court below, appellee here, the trial court instructed the jury in writing that, if they believed the evidence, they must find for the defendant.

The appellee seeks to sustain the ruling of the trial court (1) because a material part of

246

the machinery was not shipped on or before July 1, 1927; (2) because the contract called for the shipment of a "*left hand, portable, circular saw mill*," and the saw shipped was *a right-hand saw*, the contention being made that "a saw part of a saw mill is a very material part, and of course a right hand saw mill cannot be used upon a left hand saw frame"; (3) that the machinery was to be shipped "to us," meaning, as we gather from the record, the Farmers' Cotton Oil & Fertilizer Company; that it was not shipped to that company, but was shipped to the appellant in Huntsville with bill of lading attached, with order to notify that company.

Appellee invokes the well-known rule that there must be a substantial compliance with the contract before the appellant can recover. Alabama Trunk & Luggage Co. v. Hauer, 214 Ala. 473, 108 So. 339.

■ Disposing of the contention first that a left-hand saw was to be shipped, and that instead a right-hand saw was sent, we note that the order called for one Frick 00 left-hand, portable, circular saw mill, with 48 inserted 3x9 tooth saw. We do not know, and the record does not inform us whether the saw shipped was different from the saw described in the order of May 24th or not. The testimony of the witness Monahan is to the effect that the order was properly filled. If it is different, and the appellee was relying upon that defense, this fact should have been made clear to the court and jury trying the case.

■ We are clear on the proposition that the letter of May 28th from the Atlanta office to the appellant company did not relieve appellee of his obligation to pay for the machinery, if the appellant substantially performed its part of the contract. The question of greatest difficulty is whether or not the failure of the appellant to ship the saw on or before July 1, 1927, barred a recovery by the appellant in this case.

■ When this record is carefully considered, we think it discloses that the appellant was relying upon his cancellation of June 3, 1927, inspired by his objection to the letter from the Atlanta office, and that he made no point on the saw not being shipped on or before July 1, 1927. The conduct of the appellee indicates that time was not considered by him as being the essence of the contract, and that the shipment was not declined for that reason.

Under the circumstances stated, we are of the opinion that the trial court erred in giving the general affirmative charge in writing requested by the appellee, and that it should have given a similar charge requested in writing by the appellant. For the reasons

stated, the judgment appealed from is reversed and the cause remanded.

Reversed and remanded.

On Remandment from the Supreme Court.

On an adjudication of this case this court reversed the judgment of the lower court and remanded the cause thereto for further proceedings. Upon petition for certiorari to the Supreme Court, the writ was denied (123 So. 262[1]), thus leaving operative the conclusion reached by this court. The Supreme Court expressed the opinion, however, that this court improperly held, upon the facts of this case, that the appellant was entitled to the affirmative charge. Accordingly, the opinion in this case is hereby modified to that extent, and said holding is eliminated from the opinion heretofore rendered. Code 1923, § 7318.

Reversed and remanded.

