165 So. 109

## BYRD v. ÆTNA LIFE INS. CO.

### 7 Div. 127.

Court of Appeals of Alabama.

May 7, 1935.

Rehearing Denied June 28, 1935.

See, also, 25 Ala.App. 318, 146 So. 78. Chas. F. Douglass, of Anniston, for appellant.

London, Yancey, Smith & Windham, of Birmingham, for appellee.

RICE, Judge.

This suit was founded on a policy of life insurance containing a clause providing for disability benefits in certain contingencies.

It would really seem to be unnecessary to cite authority to the effect that there could be no recovery in the absence of the introduction into the evidence on the trial, of the policy—or its essential contents—which was the basis of the claim. That such is the fact will be, we believe, conceded by all concerned to be elementary.

Appellant's counsel, of course, knew it, for he introduced the policy sued on into the evidence—as appears.

But the same is not before us in the way that we are authorized to hold it as error—even if it was, which we do not intimate—on the part of the trial court to give to the jury at appellee's request the general affirmative charge to find in its favor.

■■ We look strictly to the bill of exceptions and its proper exhibits for the evidence on the trial. Pearce v. Clements, 73 Ala. 256; Forrester v. McFry, 229 Ala. 324, 157 So. 68.

The bill of exceptions sent up here, while it shows, as above noted, that the policy of insurance involved *was* introduced in evidence, *does not* contain said policy, nor its essential provisions, and, even though the said bill recites, with regard to its contents, that, "The Foregoing is All of the Evidence that was Introduced in this Case," it affirmatively appears that it was *not*.

The policy of insurance referred to—introduced, as stated, into the evidence—is not incorporated in the bill of exceptions in any manner, either in that·*distinguished* by Mr. Justice Foster in the opinion in the case of Forrester v. McFry, supra, or in the manner held by the Supreme Court in *that* case to be efficacious.

It results that for all we could say—regardless of error, vel non, in the great number of rulings complained of, in fact, regardless of said rulings—the lower court was fully justified in giving the general affirmative charge in favor of appellee.

So the judgment is affirmed.

Affirmed.