184 So. 270

**JOHN E. BALLENGER CONST. CO. et al.**
**v. JOE F. WALTERS CONST.**
**CO., Inc.**

4 Div. 353.

Court of Appeals of Alabama.

Oct. 5, 1937.

Rehearing Denied Nov. 2, 1937.

Reversed and Rendered March 22, 1938.

Rehearing Denied April 5, 1938.

Reversed and Remanded on Mandate Nov. 1, 1938.

354

George T. Garrett and Ball & Ball, all of Montgomery, for appellants.

Walters & Walters, of Troy, for appellee.

RICE, Judge.

■ This case was tried before the court, sitting without a jury. Upon the appeal, the only errors assigned are as to the rendition of judgment in favor of appellee.

In such situation, unless the *bill of exceptions* sent up here affirmatively shows that it contains *all* the evidence which was before the lower court on the trial, "we would not be justified in reversing the trial court in rendering judgment for [plaintiff], appellee." Patton v. Endowment Department of A. F. & A. M. of Alabama, 232 Ala. 236, 167 So. 323, 324.

■ And "we look strictly to the bill of exceptions and its proper exhibits for the evidence on the trial." Byrd v. Ætna Life Ins. Co., Ala.App., 165 So. 109, 110; [1] certiorari denied Id., 231 Ala. 458, 165 So. 110. We could not, if we would, Code 1923, § 7318, "undertake the doubtful and dangerous task of correcting the record [bill of exceptions] after the fashion proposed by defendants, appellant. Appellants are bound by the terms of the bills of exceptions they bring here." Sovereign Camp W. O. W. v. Screws, 218 Ala. 599, 119 So. 644, 646.

■ The suit, here, was upon a contractor's bond given by appellant John E. Ballenger Construction Company, a corporation, with National Surety Corporation, a corporation, as surety, under the terms of that part of the act of the Legislature of Alabama approved August 23, 1927, "The Alabama Highway Code," Gen.Acts Ala. 1927, p. 348, § 28, now codified as section 1397 (30) of Alabama Code of 1928, by the Michie Company.

In the bill of exceptions we find this: "The plaintiff then introduced a certified copy of the bond entered into * * * marked plaintiff's exhibit 'C' which was in words and figures as follows." Then succeeds, in the bill of exceptions, a copy of the bond, which, among other things, carries these recitals: "Provided, however, that the condition of this obligation is such that whereas the above bound John E. Ballenger Construction Company have this day entered into a contract with the said State of Alabama, for the building of 7.385 miles of road in Pike County, to-wit: On State Highway No. 15 U. S. Route No. * * * known as U. S. Public Works Project No. NRH 35, NRS 35, NRS 41 between Troy and Elba, *a copy of which said contract is hereto attached.*" (Italics ours.) And also the following: "A copy of the Proposal, Specifications and the Contract hereinbefore referred to is attached *and made a part of this obligation, and this instrument is to be construed in connection therewith.*"

Looking, as we must, Byrd v. Ætna Life Ins. Co., supra, "strictly to the bill of exceptions and its proper exhibits for the evidence on the trial," all the affidavits, supplemental "certificates," and "letters from counsel," filed in this court after the taking of the appeal, to the contrary not-

---

[1] 27 Ala.App. 1.

withstanding, Sovereign Camp, W. O. W., v. Screws, supra, we do not see how it can be doubted that the "Contract," "Proposal (and), Specifications" referred to in the bond were introduced into the evidence. They were a *part* of the bond which *was* introduced. And the natural, and inescapable meaning of the language *quoted* (by us, from the copy of the bond in the bill of exceptions) is that they *were* introduced.

Though the bill of exceptions *recites* that it "contains all of the evidence introduced on the trial of the * * * cause," yet we nowhere find the copy of the "Contract, Proposals, or Specifications" referred to.

In this state of the record we would not, as above noted, be justified in reversing the trial court in rendering judgment for plaintiff, appellee. Patton v. Endowment Department of A. F. & A. M. of Alabama, supra.

Said judgment is, accordingly, affirmed.

Affirmed.

### Opinion After Remandment.

Upon the original submission of this cause in this court, we thought the judgment should be affirmed as to each appellant for the reason set forth in our opinion then handed down, and which appears.

But that reason lost its potency by virtue of the decision by the Supreme Court on petition for certiorari reversing *our* judgment, and remanding the cause to this court for further consideration. Code 1923, § 7318.

Hence we now proceed to consider the appeal upon its merits.

As mentioned in the opinion by the Supreme Court, 184 So. 273, "the suit was for certain alleged items of labor, material, feedstuff, and supplies sold to a road contractor, and counted on the surety bond, with the surety as a defendant."

The bond being given in accordance with the provisions of that part of the Act of the Legislature of Alabama approved August 23rd 1927, Gen.Acts Alabama 1927 p. 348, now codified as section 1397 (30) of Michie's Code of 1928, operated to obligate the surety, pertinently here, to pay appellee only for *"labor, material, feedstuffs, or supplies,* [used] in the execution of the work provided for in such contract." (Italics ours.)

If it be said that count 1 of the complaint was not subject to the demurrers interposed thereto, U. S. Fidelity & Guaranty Co. v. Yeilding Bros. Co. Dept. Stores, 225 Ala. 307, 143 So. 176, yet we think, and hold, the judgment against appellants based thereon cannot be sustained because of the facts admitted in the case.

Appellee, plaintiff below, claimed, and offered testimony supporting its claim, that appellant Ballenger Construction Company (to so designate the contractor) rented from it a certain shovel to move *all* a certain described lot of "sand clay top soil." It admits that it was paid in full for all of the said "sand clay top soil" which it actually moved.

But it is suing here, it admits, *not* for anything it *did* for appellant contractor; but for the amount it claims it *would have made* from moving the "sand clay top soil" it *did not* move. In other words, while the work was in progress, appellant contractor *stopped* appellee's shovel; and this suit, as we see it, is plainly for damages which appellee claims it suffered by reason of said appellant's breach of its contract (claimed by appellee) to let appellee's shovel move *all* the said "sand clay top soil." Such an item, we think, and hold, is not covered by the bond hereinabove referred to. It afforded ample basis for a suit by appellee against the contractor; but a joint suit against the contractor *and* the surety must fail.

We have examined the authorities cited by appellee's industrious and resourceful counsel, but do not think any of them militate against the conclusion we have reached.

Probably there would be no legal obstacle to the recovery based upon count 2 of the complaint; but, as it is distinctly held by our Supreme Court Consolidated Indemnity & Ins. Co. v. Texas Co., 224 Ala. 349, 140 So. 566, 568, that in a suit (such as the present with only the addition of the principal, here) on a road contractor's bond "the burden was [is] therefore upon plaintiff [appellee, here] to allege and *prove* that the suit was begun 'within sixty days after the complete performance of said contract and final settlement thereof.'" (Italics and parenthetical phrase supplied by us.)

We find an entire absence of *proof* that the instant suit was so begun; and, for this reason, if for no other, the judgment—

based as it is upon counts 1 and 2, only, of the complaint—rendered cannot stand.

. It is accordingly reversed, and a judgment here, and hereby, rendered in favor of appellants. Code 1928, §§ 9498, 9502.

Reversed and rendered.

PER CURIAM.

Reversed and remanded on authority of John E. Ballenger Const. Co. v. Joe F. Walters Const. Co., 236 Ala. 548, 184 So. 275.